NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLAVIO MORENO, | No. 20-16933 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00137-MMD-CLB |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS; ROMEO ARANAS; KIM ADAMSON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Nevada state prisoner Flavio Moreno appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs and retaliation.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Moreno's deliberate indifference claims because Moreno failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his spine injury. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Moreno's retaliation claim because Moreno failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive or whether there was an absence of legitimate correctional goals for defendants' conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) (explaining that "mere speculation that defendants acted out of retaliation is not sufficient" and that specific evidence of a causal connection between the protected conduct and adverse action is required).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider claims that Moreno failed to allege in his complaint.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 969 (9th Cir. 2006) (affirming summary judgment where the complaint did not give fair notice of the factual basis for a claim raised for the first time in opposition to summary judgment).

**AFFIRMED.**